UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TETRA TECH EC, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIG SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | Case No. 24-cv-06367-WHO <br><br> **ORDER ON THE MOTIONS FOR ENTRY OF JUDGMENT AND ADMINISTRATIVE MOTION; VACATING HEARING** <br><br> Re: Dkt. Nos. 87, 94 |

Plaintiff Tetra Tech EC, Inc. ("Tetra Tech") moves for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) or, in the alternative, for a certification for interlocutory appeal, on my Order Granting Partial Summary Judgment ("Prior Order"). Dkt. No. 86. Tetra Tech has also filed an administrative motion to change the briefing and hearing schedule on defendant AIG Specialty Insurance Company's ("AIG") recently filed Motion for Summary Judgment seeking to resolve the remaining claims. Because neither judicial administrative interests nor the equities favor a separate judgment on these claims, I DENY Tetra Tech's motion for an entry of judgment, and slightly adjust the briefing schedule for the pending motion for summary judgment.

## BACKGROUND[1]

In January 2025, I allowed the parties to present their dispositive motions in two parts. Dkt. No. 42. I heard argument on the parties' respective positions on AIG's duty to defend on

---

[1] I address only the procedural history necessary to contextualize this motion. I summarized the factual allegations in detail in the Prior Order on the cross motions for summary judgment. Dkt. No. 86.

June 4, 2025. Dkt. No. 80. On August 25, 2025, I held that AIG had no duty to defend Tetra Tech in the underlying cases and required the parties to meet and confer about next steps in this case. *See* Prior Order [Dkt. No. 86].

On September 12, 2025, Tetra Tech filed its Motion for Entry of Judgment. *See* Rule 54(b) Motion ("Mot.") [Dkt. No. 87]. AIG opposed and Tetra Tech replied. *See* Opposition ("Oppo.") [Dkt. No. 90]; Reply [Dkt. No. 92]. AIG filed a Motion for Summary Judgment on the remaining issues on October 17, 2025. *See* Dkt. No. 93. On October 22, 2025, Tetra Tech filed its administrative motion seeking an extension on the briefing and hearing scheduled on AIG's motion until after I fully hear and resolve its Motion for Entry of Judgment. *See* Administrative Motion ("Admin. Mot.") [Dkt. No. 94]. AIG opposed Tetra Tech's administrative motion. *See* Opposition to the Administrative Motion ("Oppo. Admin. Mot.") [Dkt. No. 95]. I find the Motion for Entry of Judgment suitable for disposition without a hearing. The hearing currently scheduled for November 5, 2025, is VACATED pursuant to Civil Local Rule 7-1(b).

**LEGAL STANDARD**

Rule 54(b) of the Federal Rules of Civil Procedure provides that where an action involves more than one claim for relief, a district court has discretion to "direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b); *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009). Courts apply a "pragmatic approach focusing on severability and efficient judicial administration." *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987). As "the one most likely to be familiar with the case and with any justifiable reasons for delay," the district court's decision under Rule 54(b) receives substantial deference. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980) (internal quotation marks and citation omitted).

# DISCUSSION

## I. RULE 54(b)

Tetra Tech asks that I "enter partial final judgment under Rule 54(b) so that [it] may immediately appeal" the Prior Order. Mot. 1. As Tetra Tech recognizes, "[t]he critical question is whether Rule 54(b) certification may serve to 'streamline the ensuing litigation.'" Mot. 4 (quoting *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991)). Tetra Tech has presented no compelling argument to suggest that entering a partial final judgment on the question of AIG's duty to defend so "streamline[s] the ensuing litigation." *Texaco*, 939 F.2d at 798.

This motion requires me to consider, among other things, "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there [are] subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. 8. "Similar legal facts or issues that may require the appellate court to review legal or factual issues similar to those in the pending claims will 'weigh heavily against entry of judgment' under Rule 54(b). *Henderson v. City and Cnty. San Francisco*, No. 05-CV-0234-VRW, 2009 WL 2058369 at *1 (N.D. Cal. July 13, 2009) (quoting *Morrison-Knudson Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). The issues remaining for my consideration include Tetra Tech's indemnification and bad faith causes of action, along with AIG's reimbursement claim. *See* Mot. 1, n.1; Dkt. No. 93 at 2. Each of these issues addresses similar legal and/or factual issues as those that I have already addressed in the Prior Order. It makes little sense for me to allow Tetra Tech to appeal the duty to defend issue on its own now as opposed to waiting for the case to be fully ripe for review. This is particularly true since AIG has filed a motion for summary judgment that I will hear soon that may well dispose of the remaining issues. I am quite sure the Ninth Circuit would not be interested in two separate appeals on the similar issues from the same parties.

3

The equities also disfavor an entry of judgment. Tetra Tech argues that it would be prejudiced "if it is forced to continue to defend itself in the *Bayview* action until the matter is finally resolved . . . [and] further be prejudiced by entry of a judgment against Tetra Tech for millions of dollars on AIG's reimbursement claim in *Jahr*." Mot. 12. That would be true if the Prior Order is incorrect, but ignores the prejudice to AIG in waiting for the Ninth Circuit's decision on the duty to defend and, if the Prior Order is affirmed, then having to return to this court to litigate the remaining reimbursement claim, and then facing a potential second appeal from Tetra Tech. Oppo. 7.

Tetra Tech's motion in the alternative, for an interlocutory appeal, also fails. Pursuant to 28 U.S.C. § 1292(b) an Order qualifies for interlocutory appeal when the order "[1] involves a controlling question of law as to which [2] there is a substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As AIG argues, "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Tetra Tech's "strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" *Id.*

I understand that Tetra Tech disagrees with my conclusions in the Prior Order. In its motion, Tetra Tech re-raises arguments to assert its view that I did not "correctly appl[y] California law." Mot. 13, 13–18. I thoroughly considered Tetra Tech's position in the Prior Order and I decline to reconsider it now. And for the reasons explained above, I do not conclude that "an immediate appeal from the order" would "*materially* advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). To the contrary, it would significantly delay them. The hearing on AIG's motion on the outstanding issues is scheduled for December 10, 2025—less than fifty days from now. And if Tetra Tech defeats summary judgment, I can set a trial well before a decision would likely come from the Ninth Circuit on a n interlocutory appeal. Tetra Tech's

4

motion is DENIED.

## II.  ADMINISTRATIVE MOTION

Tetra Tech timely filed an administrative motion following AIG's filing of its Motion for Summary Judgment to delay briefing until I rule on its motion for entry of judgment. I have now ruled. I partially grant Tetra Tech's administrative motion and extend the outstanding briefing somewhat. Tetra Tech's Opposition is now due November 12, 2025, two weeks from today. AIG's Reply is extended until November 19, 2025. The hearing on the motion remains set on December 10, 2025, at 2:00 p.m.

## CONCLUSION

For the foregoing reasons, Tetra Tech's motion for entry of judgment under Rule 54(b) is DENIED. The November 5, 2025, hearing on the motion is VACATED. Tetra Tech's administrative motion is GRANTED IN PART as stated above.

**IT IS SO ORDERED.**

Dated: October 29, 2025

William H. Orrick
United States District Judge